**LAW OFFICE OF STEWART KATZ**
STEWART KATZ, State Bar #127425
GUY DANILOWITZ, State Bar #257733
555 University Avenue, Suite 270
Sacramento, California 95825
Telephone: (916) 444-5678

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN GONSALVES,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>COUNTY OF SACRAMENTO;<br>Sacramento County Sheriff's Department<br>Detective KEITH BIGGERS (Badge #195);<br>and DOES 1 through 10, inclusive,<br><br>　　　　Defendants.<br>_____/ | NO.<br><br>**COMPLAINT FOR DAMAGES**<br><br>Violation of Federal & State Civil Rights Statutes; State Law Battery; *Monell* Liability; Punitive Damages; and Attorneys' Fees Requested<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff Justin Gonsalves complains and alleges as follows:

### I. JURISDICTION

1.　This Complaint seeks, inter alia, damages pursuant to Title 42 U.S.C. sections 1983 and 1988, for violation of plaintiff's civil rights. Jurisdiction is founded upon Title 28 U.S.C. sections 1331 and 1343.  This Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. section 1367.

### II. VENUE

2.　Plaintiff's claims alleged herein arose in Rio Linda, an unincorporated community within the County of Sacramento, California.  Therefore, venue lies in the Eastern District of California pursuant to 28 U.S.C. section 1391(b)(2).

### III. INTRODUCTION

In contemporary society there are only two cognizable groups that believe they should

Complaint for Damages; Jury Trial Demanded　　　1

be able to, without fear of arrest or physical resistance, walk up to a person they barely know in broad daylight, and, because they didn't like their attitude, punch them in their face breaking their nose, and then simply saunter off. One of those groups is a criminal street gang. Detective Keith Biggers belongs to the other group. Justin Gonsalves had his nose broken because Detective Biggers decided to teach him a lesson because he thought he would and should get away with it.

## IV. PARTIES

1. During all times mentioned in this Complaint, Plaintiff Justin Gonsalves (hereafter "Gonsalves") was, and is, a United States citizen. Plaintiff resides in the County of Sacramento, California.

2. Defendant County of Sacramento is a political subdivision of the State of California, created and existing by virtue of the laws of the State of California.

3. Defendant Sacramento County Sheriff's Department Detective Keith Biggers (Badge #195) was during all times mentioned herein a Sheriff's Detective employed by the County of Sacramento and/or Sacramento County Sheriff's Department and acting in the course and scope of said employment relationship.

4. The true names and identities of Defendants Does 1 through 10 are presently unknown to Plaintiff. Plaintiff alleges on information and belief that each of Defendants Does 1 through 10 was, and is, responsible for the training and supervision at issue in this case. Plaintiff alleges that each of Defendants Does 1 through 10 is responsible in some manner for the acts and injuries alleged herein. Plaintiff will seek to amend this Complaint as soon as the true names and identities of Defendants Does 1 through 10 have been ascertained.

5. Biggers and Does 1 through 10, and each of them, to the extent they engaged in any acts or omissions alleged herein, and unless otherwise indicated by in this Complaint, engaged in such acts and/or omissions under color of state law. These acts and/or omissions subjected Plaintiff to violence, threat and intimidation and interfered with his rights as secured under California and federal law.

//

1 **V. EXHAUSTION OF GOVERNMENT TORT CLAIM PROCEDURES**

2        6.       Plaintiff filed a timely government tort claim with the County of Sacramento on
3 or about April 27, 2011, as a precondition to the state law claims alleged in this action.

4        7.       As more than 45 days have elapsed since the filing of plaintiff's timely government
5 tort claim and the claim has not been acted upon by the County of Sacramento, rejection is
6 deemed as having occurred by operation of law and plaintiff is entitled to bring this action.

7 **VI. FACTUAL ALLEGATIONS**

8        8.       Plaintiff Justin Gonsalves is a 20 year-old Sacramento resident who has no
9 criminal record as either an adult or a juvenile.

10        9.       At all relevant times he was living with his mother who is employed by the
11 Sacramento Sheriff's Department in an administrative (non-law enforcement) position.  They
12 peacefully cohabitated although there were the typical disputes and differences of opinion that
13 arise between parents and semi-adult children.

14        10.      Detective Biggers was friendly with Gonsalves' mother at work and apparently
15 decided to interject himself, without legal cause, into Gonsalves' intra-family situation.

16        11.      Biggers went to Gonsalves' Rio Linda home, in a Sacramento County Sheriff's
17 car on November 30, 2010.

18        12.      Biggers expressed his displeasure at what he believed to be the language used by
19 Gonsalves in speaking with his mother.

20        13.      At all times Gonsalves knew that Biggers was a sworn officer with the
21 Sacramento County Sheriff's Department and believed that any attempt to defend himself
22 would result in his own arrest and prosecution.

23        14.      After verbally berating Gonsalves, and without any provocation or warning,
24 Biggers sucker-punched Gonsalves in the nose which began bleeding profusely.

25        15.      After punching Gonsalves, despite Gonsalves' obvious need for medical
26 attention, Biggers left the Gonsalves home without providing or summoning any medical
27 attention.

28        16.      Neither did officer Biggers place himself under arrest or summon another officer

Complaint for Damages; Jury Trial Demanded        3

to take him into custody.

17. As a result of these injuries, Gonsalves took himself into Sutter General Hospital on December 1, 2010, to obtain medical treatment.

18. The assault resulted in a broken nose, pain and suffering, disfigurement and problems breathing. Gonsalves continues to have both disfigurement and functional problems with his nose as a result of Biggers' attack.

19. Gonsalves reported Biggers attack to the Sheriff's Department.

20. Biggers was neither arrested nor charged criminally for his actions.

21. On August 3, 2011, Sheriff Scott Jones informed Gonsalves that the department had sustained his Internal Affairs complaint against Biggers for excessive force.

22. Biggers remains a deputy and detective notwithstanding his violent and illegal actions against Gonsalves.

23. Plaintiff alleges that Biggers' assault was the result of the inadequate supervision and training by Defendants County of Sacramento and Does 1 through 10.

24. As a direct and proximate cause of the Defendants' actions described herein, Plaintiff Justin Gonsalves suffered physical injury and disfigurement, pain and suffering, emotional distress and incurred medical expenses.

## VII. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Unreasonable Seizure/Excessive Force**
**(Violation of the Fourth Amendment to the U.S. Constitution:**
**Actionable under 42 U.S.C. §1983)**
*(Against Defendant Biggers)*

25. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 24, as though fully set forth herein.

26. The actions of Defendant Biggers, as alleged herein, including but not limited to, causing Plaintiff to be assaulted and injured by a Sacramento County Sheriff's Department Detective constituted an unreasonable seizure and an excessive use of force in violation of Plaintiff's Constitutional rights as protected by Fourth Amendment to the U.S. Constitution.

27. As a direct and proximate result of said acts and/or omissions by Defendant,

Plaintiff suffered unreasonable interference with his personal liberty, pain and suffering, medical expenses, a broken nose, disfigurement and other injuries.

28. The aforementioned acts and/or omissions of said Defendant were willful, intentional, wanton, reckless and/or accomplished with a conscious disregard of Plaintiff's rights entitling Plaintiff to an award of punitive damages.

## SECOND CAUSE OF ACTION
**Unreasonable Seizure/Excessive Force**
**Violation of the Cal. Constitution Art. I §§ 1, 13, 15 and Cal. Civil Code § 43**
**Actionable under Cal. Civil Code § 52.1(b)/Bane Act**
*(Against Defendant Biggers)*

29. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 28, as though fully set forth herein.

30. The actions of Defendant Biggers, as alleged herein, including but not limited to, causing Plaintiff to be assaulted and injured by a Sacramento County Sheriff's Department Detective constituted an unreasonable seizure and an excessive use of force in violation of Plaintiff's Constitutional rights as protected by Article I §§ 13 and 15 of the California Constitution.

31. The actions of Defendant Biggers as alleged herein, constituted a violation of Plaintiff's personal and privacy rights in violation of Article I § 1 of the California Constitution and § 43 of the California Civil Code.

32. As a direct and proximate result of said acts and/or omissions by Defendant, Plaintiff suffered unreasonable interference with his personal liberty, pain and suffering, medical expenses, a broken nose, disfigurement and other injuries.

33. Defendant's violations of Plaintiff's rights as guaranteed by Civil Code § 52.1 (Bane Act) entitles Plaintiff to compensatory and punitive damages, attorneys' fees, and injunctive relief all of which are provided for in Civil Code §§ 52.1(b) and 52, and are requested below.

34. The aforementioned acts and/or omissions of said Defendant were willful, intentional, wanton, reckless and/or accomplished with a conscious disregard of Plaintiff's rights as secured by Civil Code § 52.1, thereby entitling Plaintiff to an award of punitive

damages pursuant to Civil Code § 52(b)(1).

### THIRD CAUSE OF ACTION
### Entity/Inadequate Training and Supervision
### (*Monell* claim: Actionable under 42 U.S.C. §1983)
*(Against Defendants County of Sacramento and Does 1 through 10)*

35. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 34, as though fully set forth herein.

36. The aforementioned acts and/or omissions of the individually named defendants were done as a result of inadequate training and supervision by defendants County of Sacramento and Does 1 through 10. Defendants County of Sacramento and Does 1 through 10 knew or should have known that their inadequate training and supervision would result in the violation of Gonsalves' constitutional rights as described herein. The failure to provide adequate supervision made the injuries sustained by Gonsalves foreseeable.

37. Defendants County of Sacramento and Does 1 through 10, and each of them, tacitly encouraged, ratified and/or approved the unlawful conduct alleged herein and knew or should have known that such encouragement, ratification or approval would result in violations of plaintiff's constitutional rights.

38. As a direct and proximate result of the aforementioned customs, policies and/or practices of said defendants, plaintiff suffered injuries and damages as alleged herein.

39. The aforementioned acts and/or omissions of said non-entity defendants were willful, intentional, wanton, reckless and/or accomplished with a conscious disregard of plaintiff's rights entitling plaintiff to an award of exemplary and punitive damages.

### FOURTH CAUSE OF ACTION
### Battery
*(Against Defendant Biggers)*

40. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 39, as though fully set forth herein.

41. The conduct of Defendant Biggers alleged herein in causing Plaintiff to be assaulted by a Sheriff's Detective was wrongful, intentional, and with willful disregard for Plaintiff's rights. The unwelcome bodily contact constituted a battery.

Complaint for Damages; Jury Trial Demanded        6

42. Said conduct was a proximate cause of Plaintiff's damages and injuries as alleged herein.

43. Defendant County of Sacramento is vicariously liable for the conduct of its agent, Defendant Biggers.

## VIII. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. For compensatory, general and special damages against each defendant, jointly and severally, to the extent permitted by law, in the amount proven at trial;

2. For punitive and exemplary damages against each non-entity defendant, as allowed by law, in an amount appropriate to punish defendants and deter others from engaging in similar misconduct;

3. For reasonable attorneys' fees as provided by law, including, but not limited to 42 U.S.C. §1988 and Cal. Civil Code § 52.1;

4. For declaratory and injunctive relief regarding the defective policies and procedures;

5. For costs of the suit; and

6. For such other relief as the Court deems just and proper.

Dated: September 21, 2011                              Respectfully submitted,


                                                        s/Stewart Katz
                                                       Stewart Katz,
                                                       Attorney for Plaintiff

## DEMAND FOR TRIAL BY JURY

Plaintiff Justin Gonsalves hereby demands trial by jury.

Dated: September 21, 201                               s/Stewart Katz
                                                       Stewart Katz,
                                                       Attorney for Plaintiff

Complaint for Damages; Jury Trial Demanded          7